**SIGNED.**

**Dated: April 28, 2008**



_____
**JAMES M. MARLAR**
**U.S. Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 7 |
| JOHN S. FRALC, | No. 4:07-bk-01262-JMM |
| Debtor. | **MEMORANDUM DECISION** |
| PUROSYSTEMS, INC., | |
| Movant, | |
| vs. | |
| JOHN S. FRALC, Debtor, and GAYLE ESKAY MILLS, Trustee, | |
| Respondents. | |

    Before this court is a creditor's Motion for Relief from the Automatic Stay (the "Motion"), wherein the creditor, PuroSystems, Inc. ("PuroSystems") seeks to return to District Court in pursuit of an injunction and, perhaps, related monetary remedies (Dkt. #16). What this court must do is determine whether the Debtor's bankruptcy discharge must prevent or condition that request. This Memorandum Decision therefore will address these issues.

# FACTS

## A. The Contract

PuroSystems is a franchiser of casualty contracting and remediation services under the name and brand PUROFIRST®. PuroSystems was formerly known as "Purofirst International, Inc." As part of its casualty restoration business, PuroSystems licenses its tradename, marks, techniques and products to franchisees across the United States (Ex. A to Motion). On May 15, 2001, the Debtor and PuroSystems entered into a renewal of the Debtor's franchise agreement for a specific territory in and around Tucson, Arizona.[1] Included in the agreement was a collateral assignment of telephone numbers and listings (Ex. A).

When the Debtor failed to pay PuroSystems its contractual royalties, his franchise agreement was terminated. This event occurred on or about January 3, 2006 (Ex. B). At that point, PuroSystems commenced arbitration procedures to enforce its contract, prevent the Debtor from operating in the agreed territory pursuant to the covenant not to compete, obtain an accounting, obtain its manuals and software, and to gain the business telephone number (Ex. B at 4, para. 8).

On June 7, 2007, the arbitration panel entered its award, granting the following relief against the Debtor:

1. Monetary damages of $48,985.20, plus $10 per day from May 25, 2007 until paid;
2. Monetary damages, for the Debtor's portion of the arbitration expenses, of $6,681.86;
3. Interest on the above sums;
4. Enjoined the Debtor from use of the PUROFIRST® tradename and trademarks;

---

[1] The original franchise agreement had been executed in 1991. (*See* Ex. B to Motion, at 3, para. 1.)

2

5. Required the Debtor to assign his business telephone number to PuroSystems, and remove or paint over all PUROFIRST®. trademarks; and

6. Enjoined the Debtor from competing in the designated territory from June 7, 2007 to June 7, 2009, a two-year period from the date of the award.

(Ex. B at 5-6 to Motion.)

On or about June 22, 2007, PuroSystems filed a civil action in the United States District Court for the District of Arizona to confirm the arbitration award, and to gain a local court's jurisdiction over the proceedings and the defendant Debtor, so that it could enforce the arbitration award.

In response thereto, the Debtor filed a chapter 7 bankruptcy proceeding on July 10, 2007. That filing stayed PuroSystems's efforts to continue its District Court litigation, pursuant to the "automatic stay" provisions of 11 U.S.C. § 362(a).

### B. Bankruptcy Proceedings

The Debtor filed this case on July 10, 2007. No complaints for non-dischargeability were filed against him, and he was granted a discharge of his debts on December 6, 2007.

On November 9, 2007, PuroSystems filed its Motion, in which it asks for relief in order to continue its District Court lawsuit to enforce the injunctive provisions of the arbitration award.

In defense to the Motion, the Debtor contends that his discharge under 11 U.S.C. § 524 acts as a complete bar to PuroSystems' continued efforts to enforce the arbitration award. In addition, the Debtor maintains that the two-year covenant not to compete runs from the <u>termination date</u> of the agreement, while the arbitration award extends it to two years from the date of the <u>award</u>. Neither party contests the merits of the legal argument that the <u>monetary</u> provisions contained in the arbitration award are now discharged, and PuroSystems may not attempt to collect them in the future

from the Debtor or the Debtor's property. What the parties cannot agree on, and what they have asked this court to resolve, is the impact of the bankruptcy case and discharge upon the <u>injunctive</u> provisions of the arbitration award, including turnover of the books and records, the covering or removal of all PuroSystems trademarks, and enforcement of the covenant not to compete.

The parties agreed to brief the issue for the court, and they have done so.

## **THE LAW**
## **The Injunctive Provisions**

So long as the relief sought before the District Court is to retrieve property in the Debtor's possession, to which PuroSystems has a superior interest, there is nothing to prevent it from so doing. Accordingly, the stay will be lifted to allow it to enforce retrieval of its software, manuals, and trademarked items, and gain access to the telephone number.

The more difficult legal issue is the enforcement of the award's provision relating to the non-compete clause. The Debtor argues that, pursuant to paragraph 14 of the Franchise Agreement (Ex. A), such two-year period ran from the date of termination in January, 2006, through January, 2008. Thus, the Debtor argues, it has already expired by its terms. (Ex. A at 20, para. 14.1.2), and that the arbitration award impermissibly extends the non-compete period for an <u>additional</u> 16 months, beyond the expired two-year period.

As a matter of contract, the Debtor is correct. This period of non-competitive exclusion in January, 2008.

But the arbitration <u>award</u> provides that the two-year period runs from <u>its</u> date, not the termination date. The award date is June 7, 2007. In that event, the non-compete clause would not expire until June 7, 2009, about 14 months hence.

The arbitration proceeding was taken by default against the Debtor. (*See* Ex. B, at 1.) From reading the award, it is clear that the arbitrators interpreted only the contact at issue, and no extraneous evidence concerning the non-compete clause was received by the finders of fact.

Ordinarily, a non-appearing defendant does not have the right to challenge, by

4

collateral attack, the ruling of another court. *Watts v. Pinckney*, 752 F.2d 406, 410 (9th Cir. 1985) (the doctrine of *res judicata* bars a collateral attack on a final judgment). The doctrine of *res judicata,* or claim preclusion, bars further litigation by the same parties based on the same cause of action. *Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992). This means that, even if the ruling court's decision was erroneous, it is still binding on the properly-served, non-appearing defendant. *Id.; Stoll v. Gottlieb*, 305 U.S. 165, 171 (1938); *Snell v. Cleveland, Inc.*, 316 F.3d 822, 827 (9th Cir. 2002) (citing *Yarnow v. Wyerhaeuser S.S. Co.*, 274 F.2d 274, 277 (9th Cir. 1959)). A judgment entered under the Federal Arbitration Act has the same force and effect. 9 U.S.C. § 13(c).

However, this rule of law needs additional elaboration. That is, that upon a typical default, a court may not grant greater relief than is prayed for in the complaint. FED. R. CIV. P. 54(c) states, "a default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." (Also applicable in bankruptcy cases, pursuant to FED. R. BANKR. P. 7054.)

In this case, the parties have not placed in evidence, nor attached to the Motion, the pleading filed by PuroSystems which initiated the arbitration proceeding. However, since PuroSystems sought its restrictive covenant pursuant to paragraph 14 of its franchise agreement, it would appear unlikely that it would have not asked for a longer period of non-compete than that to which its own contract clearly spoke.

Thus, the issue to be decided at the District Court is whether the arbitration award can be altered to conform to the parties' Franchise Agreement.

In the District Court, PuroSystems relies, as its statutory basis for relief, 9 U.S.C. § 9 (Ex. C). This is the Federal Arbitration Act ("FAA"). Confirmation proceedings are usually summary in nature. *Menke v. Monchecourt*, 17 F.3d 1007, 1009 (7th Cir. 1994).

Judicial review of arbitration awards is limited because the benefits of arbitration are derived, in part, from the finality of the arbitrator's decision. The grounds for judicial review of arbitration awards are very narrow and are set forth in the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16 (2000). This limited review enables parties to avoid the delays and costs of protracted appellate procedures, so common to litigation. A judge is permitted to change or vacate an

5

arbitration award only on certain grounds.

A party to an arbitration award may seek to have a judge modify the award. Section 11 of the FAA, 9 U.S.C. § 11, usually governs whether an award can be modified.

The general rule is that completed arbitration awards are not to be modified, changed, or supplemented. Ambiguities may be clarified, however, and mistakes which are apparent on their face may be corrected. *La Vale Plaza, Inc. v. R. S. Noonan, Inc.*, 378 F.2d 569 (3d Cir. 1967). The grounds for modification or correction are straightforward and aim at effectuating the arbitrator's intent and promoting justice between the parties.

Under the FAA, an award may be modified only in the following situations:

(a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.

(b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.

(c) Where the award is imperfect in matter of form not affecting the merits of the controversy.

9 U.S.C. § 11. Although the exercise of this power by the court is discretionary, this power is not used to review or set aside the arbitrator's findings with respect to law or fact. *Chilean Nitrate & Iodine Sales Corp. v. Amicizia Societa Navegazione,* 363 U.S. 843 (1960); *James Richardson & Sons v. W. E. Hedger Transp. Corp.,* 98 F.2d 55, 57 (2d Cir. 1938), *cert. denied*, 305 U.S. 657 (1939).

The applicable law determining whether an award can be vacated is usually § 10 of the FAA. Generally, courts give great deference to an arbitration award that draws its essence from the parties' contract and are reluctant to vacate awards unless made in clear violation of a proscription found in statute, contract, applicable rules, the parties' stipulation, or a court order.

Extensive judicial review undermines the goals of the arbitration process. A court's role is limited to reviewing awards. Trial judges reviewing an arbitration award are more deferential to an arbitrator than an appellate court would be to a trial judge. This deference preserves arbitration

as a "commercially useful alternative method of dispute resolution," preventing it from becoming a burdensome, additional step in the judicial system. *Flexible Mfg. Sys. v. Super Prods. Corp.*, 86 F.3d 96 (7th Cir.1996).

Judicial review of arbitration awards under the FAA is limited. *Booth v. Hume Publ'g, Inc.*, 902 F.2d 925, 932 (11th Cir. 1990). The FAA presumes that arbitration awards will be confirmed and lists only the following four situations in which they may be vacated:

(1) where the award was procured by corruption, fraud, or undue means;

(2) where there was evident partiality or corruption in the arbitrators, or either of them;

(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

In addition to these four statutory grounds, courts have recognized three additional non-statutory bases upon which an arbitration award may be vacated. First, an arbitration award may be vacated if it exhibits manifest disregard of law. *Kurke v. Oscar Gruss and Son, Inc.*, 454 F.3d 350, 354 (D.C. Cir. 2006); *but see Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 268 (7th Cir. 2006) ("[W]e have defined 'manifest disregard of the law' so narrowly that it fits comfortably under the first clause of the fourth statutory ground - 'where the arbitrators exceeded their powers.'"). Second, an arbitration award may be vacated if it is arbitrary and capricious. *Ainsworth v. Skurnick*, 960 F.2d 939, 941 (11th Cir. 1992); *Raiford v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 903 F.2d 1410, 1413 (11th Cir. 1990). Third, an arbitration award may be vacated if enforcement of the award is contrary to public policy. *Twin Cities Galleries, LLC v. Media Arts Group, Inc.*, 476 F.3d 598, 600 (8th Cir. 2007); *Delta Air Lines, Inc. v. Airline Pilots Ass'n*, 861 F.2d 665, 671 (11th Cir. 1988).

All of these most interesting issues, however, are now properly before the United

States District Court. It has the full ability to decide these issues, so long as it does not act to place personal, discharged monetary obligations upon the Debtor. In this way, the bankruptcy Code may be applied consistently by both Arizona's District Court and its Bankruptcy unit.

**CONCLUSION**

This court will therefore lift the automatic stay so that PuroSystems may proceed to conclude its District Court action relative to its injunctive and non-compete issues. A separate order will be entered. FED. R. BANKR. P. 9021.

DATED AND SIGNED ABOVE.

COPIES served as indicated below
on the date signed above:

Walter F. Wood
1955 W. Grant Rd., Ste. 125
Tucson, AZ 85745                    Email: walterfwood@aol.com

Cynthia A. Ricketts
DLA Piper US LLP
2415 East Camelback Road, Suite 700
Phoenix, AZ 85016                   Email: cindy.ricketts@dlapiper.com

Jason C. Farrington
DLA Piper US LLP
3960 Howard Hughes Parkway, Suite 400
Las Vegas, NV 89109                 Email: jason.farrington@dlapiper.com

Gayle Eskay Mills, Trustee
P.O. Box 36317
Tucson, AZ 85740                    Email: Gayle.Mills@azbar.org

Office of the U.S. Trustee
230 N. First Ave., Suite 204
Phoenix, AZ 85003-1706              U.S. Mail

By /s/ M. B. Thompson
      Judicial Assistant